**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Aziza Farmonova <br> _Debtor(s)_ | CHAPTER 13 |
| CSMC 2022-NQM6 Trust <br> _Moving Party_ <br> vs. | NO. 25-14635 DJB |
| Aziza Farmonova <br> _Debtor_ <br> Tursunboy Dusbekov <br> _Co-Debtor_ | 11 U.S.C. Sections 362 and 1301 |
| Kenneth E. West <br> _Trustee_ | |

## CONSENT ORDER ON MOTION FOR RELIEF FROM STAY
## AND CO-DEBTOR STAY

1. The above-styled Motion having been scheduled for a hearing before the Court on April 2, 2026, upon Notice of Motion to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. IT IS HEREBY ORDERED that the Motion for Relief from Stay is granted, subject to the terms set forth therein and in the Amended Plan.

3. FURTHER ORDERED that as of March 13, 2026, the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal & Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| 4 | December 2025 | March 2026 | $4,605.07 | $1,153.57 | $5,758.64 | $23,034.56 |
| Less post-petition partial payments (suspense balance) | | | | ($0.00) | | |

**Total: $23,034.56**

4. This arrearage shall be paid as follows:

   a. Within seven (7) days of the filing of this Stipulation, Debtor is ordered to pay the total post-petition arrearage totaling a sum $23,034.56 by amending the Bankruptcy plan.

5. Regular payments in the amount of **$5,758.64** to be paid on or before **April 1, 2026** and any additional amount as required or allowed by the Note and Security Instrument. Payments

should be sent to: Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtor(s) and attorney for Debtor(s), and failure of Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a certification of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(4) may be waived.

8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor(s) remains in bankruptcy.

9. FURTHER ORDERED that there having been no appearance by the Co-Debtor, the Motion for Relief from the Co-Debtor Stay is *granted*.


CONSENTED TO BY:

Date:   March 19, 2026                          /s/ Matthew Fissel
                                                Matthew Fissel, Esq.
                                                Attorney for Movant


Date:   March 31, 2026                          /s/ Jeremy M. Bolles
                                                Jeremy M. Bolles, Esq.
                                                Charles Laputka, Esq.
                                                Attorney for Debtor(s)

No Objection - Without Prejudice to Any
Trustee Rights or Remedies

Date:___April 1, 2026_____            /s/ LeeAne O. Huggins_____
                                              Kenneth E. West
                                              Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2026.  However, the Court
retains discretion regarding entry of any further order.

                                              _____
                                              Bankruptcy Judge
                                              Derek J. Baker

**Date: April 3, 2026**