-

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In Re: Aziza Farmonova** | : | |
| | : | **Chapter 13** |
| | : | |
| | : | |
| **Debtor.** | : | **Bky. No. 25-14635 (DJB)** |

## O R D E R

**AND NOW**, upon consideration of the Application for Compensation [Dkt. No. 43], the

"Application") filed by Charles Laputka (the "Applicant"), counsel to the Debtor, in which the

Applicant requests the allowance of compensation in the amount of $6,633.00 for legal services

provided to the Debtor in this Chapter 13 case;

**AND** this bankruptcy case having been dismissed on July 10, 2026 [Dkt. No. 41];

**AND**, upon the Applicant's certification that proper service has been made on all

interested parties;

**AND**, upon the Applicant's certification of no response;

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review

fee applications, notwithstanding the absence of objections by the United States trustee . . .,

creditors, or any other interested party, a duty which. . . derives from the court's inherent

obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver

Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original);

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not

"become enmeshed in a meticulous analysis of every detailed facet of the professional

-

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive

proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the docket the court concluding that a reduction in the allowed

compensation is appropriate,[2]

It is hereby **ORDERED** that:

1.      The Application is **GRANTED IN PART AND DENIED IN PART.**

2.      Compensation is allowed in favor of the Applicant in the amount of **$4,422.00**.  See

L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a

hearing).

3.      The Chapter 13 Trustee is therefore authorized to distribute to the Applicant the allowed

compensation $4,422.00, less $3,687.00 previously paid by the Debtor prepetition, as an

administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C.

§503(b) and 11 U.S.C. §330(a)(4)(B).

---

[1]   Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540
F.2d 102, 116 (3d Cir. 1976) (en banc)).

[2]   After reviewing the case docket and summary of time spent, I am unpersuaded that a fee of
$6,633.00 is a reasonable amount to charge for representation of the interests of the Debtor. The docket
does not reflect substantial work or benefit to the debtor during the case that would merit a fee as high
as the relevant no-look fee. The debtor remained in bankruptcy for nearly eight (8) months. No plan
was confirmed, and a motion to dismiss was granted.

I have therefore reduced Counsel's fee by approximately 33%, to a fee of $4,422.00. Such an approach permits the
court to avoid becoming enmeshed in an overly cumbersome or disproportionate line-by- line fee review given the
size of this case and the stakes involved. See Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the
reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee
to which the professional is ideally entitled").

-

4.      Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to

distribute the funds in his possession derived from the pre-confirmation chapter 13 plan

payments of the Debtor(s) to pay the allowed compensation.


**Date: July 31, 2026**

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**