United States Bankruptcy Court

Eastern District of Pennsylvania

In re:

Aziza Farmonova

    Debtor

Case No. 25-14635-djb

Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2

Date Rcvd: Jul 31, 2026

User: admin

Form ID: pdf900

Page 1 of 2

Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 02, 2026:**

| Recip ID | Recipient Name and Address |
| --- | --- |
| db | + Aziza Farmonova, 4570 Summerhill Dr, Doylestown, PA 18902-8802 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 02, 2026           Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 31, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| CHARLES LAPUTKA | on behalf of Debtor Aziza Farmonova ecfnotices@laputkalaw.com jen@laputkalaw.com;jbolles@laputkalaw.com;laputka.charlesb@notify.bestcase.com |
| JAMES RANDOLPH WOOD | on behalf of Creditor Central Bucks School District jwood@portnoffonline.com  jwood@ecf.inforuptcy.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| MATTHEW K. FISSEL | on behalf of Creditor CSMC 2022-NQM6 Trust bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com |
| ROBERT BRIAN SHEARER | on behalf of Creditor CSMC 2022-NQM6 Trust rshearer@raslg.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2                          User: admin                                    Page 2 of 2

Date Rcvd: Jul 31, 2026                       Form ID: pdf900                                Total Noticed: 1

TOTAL: 6

-

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In Re: Aziza Farmonova             :
                                :         **Chapter 13**
                                  :
                                  :
         Debtor.             :         **Bky. No. 25-14635 (DJB)**

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation [Dkt. No. 43], the "Application") filed by Charles Laputka (the "Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of $6,633.00 for legal services provided to the Debtor in this Chapter 13 case;

**AND** this bankruptcy case having been dismissed on July 10, 2026 [Dkt. No. 41];

**AND**, upon the Applicant's certification that proper service has been made on all interested parties;

**AND**, upon the Applicant's certification of no response;

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which. . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original);

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional

-

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive

proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the docket the court concluding that a reduction in the allowed

compensation is appropriate,[2]

It is hereby **ORDERED** that:

1.   The Application is **GRANTED IN PART AND DENIED IN PART.**

2.   Compensation is allowed in favor of the Applicant in the amount of **$4,422.00**.  See

L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a

hearing).

3.   The Chapter 13 Trustee is therefore authorized to distribute to the Applicant the allowed

compensation $4,422.00, less $3,687.00 previously paid by the Debtor prepetition, as an

administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C.

§503(b) and 11 U.S.C. §330(a)(4)(B).

---

[1]   Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540
F.2d 102, 116 (3d Cir. 1976) (en banc)).

[2]   After reviewing the case docket and summary of time spent, I am unpersuaded that a fee of
$6,633.00 is a reasonable amount to charge for representation of the interests of the Debtor. The docket
does not reflect substantial work or benefit to the debtor during the case that would merit a fee as high
as the relevant no-look fee. The debtor remained in bankruptcy for nearly eight (8) months. No plan
was confirmed, and a motion to dismiss was granted.

I have therefore reduced Counsel's fee by approximately 33%, to a fee of $4,422.00. Such an approach permits the
court to avoid becoming enmeshed in an overly cumbersome or disproportionate line-by- line fee review given the
size of this case and the stakes involved. See Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the
reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee
to which the professional is ideally entitled").

-

4.       Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to

distribute the funds in his possession derived from the pre-confirmation chapter 13 plan

payments of the Debtor(s) to pay the allowed compensation.

**Date: July 31, 2026**

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**